UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE SUNSHINE LADY FOUNDATION, INC.,<br><br>      *Plaintiff*,<br><br> v.<br><br>ALEXANDER ROZEK, as Trustee of the Doris Buffett Revocable Trust,<br><br>      *Defendant.* | Civil Action No. 20-12146 (LTS)<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**LEAVE TO FILE GRANTED**<br><br>**on December 30, 2020** |

**DEFENDANT ALEXANDER ROZEK'S, AS TRUSTEE OF THE DORIS BUFFETT REVOCABLE TRUST, REPLY IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT**

Defendant Alexander Rozek, as Trustee of the Doris Buffett Revocable Trust ("Defendant" or "Trustee"), respectfully submits this reply memorandum in further support of his Motion to Dismiss the Complaint. The Complaint seeks a declaration that, notwithstanding the Settlement Agreement and General Release, Plaintiff The Sunshine Lady Foundation, Inc. ("Plaintiff" or "SLF") nonetheless remains a beneficiary of the Trust. Plaintiff's claims are barred by its General Release as a matter of law and its claims have no merit. The Complaint should be dismissed with prejudice.

**I. The Release is a Complete Bar Because SLF Did Not Have A Beneficial Interest in the Trust When the Release was Executed.**

SLF must include in its Complaint "factual allegations [that are] enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, in a futile effort to evade the effect of its own General Release, SLF attempts to re-plead its Complaint to include the further speculation that any amendment to the Trust that removed SLF as a beneficiary "must have been made *after* the execution of the Settlement and Release," dated

December 11, 2017.  Opp., ECF Dkt No. 14 at 9 (emphasis in original); *see also id*. at 8.  As the relevant Amendments to the Trust demonstrate, SLF is incorrect.[1]

SLF did not have any beneficial interest in the Trust when the Settlement Agreement and General Release was executed on December 11, 2017.  In 2016, in response to and following SLF's spiteful termination of Ms. Buffett's Letters Program, Mr. Rozek used his Power of Attorney to establish a new charitable organization, the Sunshine Lady Humanitarian Grants Program, Inc. ("SLHGP"), through which his grandmother's charitable mission and Letters Program could continue.  Compl. ¶¶ 22–23, 30–31.  On September 8, 2016, SLHGP became the remainder beneficiary of the Trust.  *See* Twelfth Amendment to the Trust, attached hereto as Exhibit A, at 2.  As of that time, SLF's only beneficial interest was a one-time gift of $500,000.  *Id.* at 1.  On April 6, 2017, the one-time gift to SLF was removed, with the "intention that no portion of [Ms. Buffett's] estate or trust pass to The Sunshine Lady Foundation. . . ."  *See* Sixteenth Amendment to the Trust, attached hereto as Exhibit B, at 1.  Accordingly, SLF was not a beneficiary of the Trust after April 2017.  *Id.*  The General Release was executed as part of an overall settlement on December 11, 2017—at which point SLF was no longer a beneficiary of the Trust.  Additionally, by December 2017, Mr. Rozek was the sole-successor trustee of the Trust.  *See* Eleventh Amendment to the Trust, attached hereto as Exhibit C.  Because SLF and its non-family directors had no beneficial interest or successor status vis-à-vis the Trust as of the date of the overall

---

[1] It is well-established that the Court may consider the relevant Amendments to the Trust for purposes of Defendant's Motion to Dismiss because the documents are central to Plaintiff's Complaint, and they were put squarely at issue in Plaintiff's Opposition.  *See Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993).  Indeed, Plaintiff asserts in its Opposition that its claim turns on the timing of the Amendments.  *See* Opp., ECF Dkt No. 14 at 9 (the timing of the amendments is "obviously significant because the language of the release does not purport to waive 'future' claims").

Settlement Agreement and General Release on December 11, 2017, the General Release is a complete bar to Plaintiff's claim that SLF remained a beneficiary after it executed the Settlement Agreement and General Release.[2]  The Complaint should be dismissed with prejudice.[3]

The broad language in the General Release covers "any and all claims, rights, demands…actions or causes of action" "arising out of any act, transaction, event, or occurrence from the beginning of time through" December 11, 2017.  *See* General Release, ECF Dkt No. 11-1 at ¶ 4.  The acts and events that serve as the purported basis of SLF's claims occurred <u>before</u> December 11, 2017, *see* <u>Exs. A–C</u>; therefore, both the instant claim for declaratory judgment and any future claims SLF now labels as so-called "placeholder[s]"[4] all have been released.  *See generally*, *Weaver v. St. Joseph of the Pines, Inc.*, 187 N.C. App. 198, 207 (N.C. Ct. App. 2007) ("[i]t must be presumed the parties intended what the language clearly expresses, and the contract must be construed to mean what on its face it purports to mean") (internal citations omitted); *Gravelle v. Hudson Lock LLC*, No. 16-CV-12548 (LTS), 2018 WL 627373, at *4 (D. Mass. Jan. 30, 2018) (dismissing claim seeking declaratory judgment related to the scope of the Release's applicability for lack of jurisdiction "[b]ecause no claim related to conduct predating the Release,"

---

[2] To the extent any terms contained within the Amendments contradict any allegations in the Complaint, the Amendments' terms control. *See Highland Paving Co. v. First Bank*, 227 N.C. App. 36, 46 (N.C. Ct. App. 2013) (citing *Wilson v. Crab Orchard Dev. Co.*, 276 N.C. 198 (1970)).

[3] To the extent Plaintiff relies (improperly) on hearsay or its own self-serving statements, *i.e.*, the May 2018 *Boston Globe* article, as purported support for its allegations that in May 2018 Ms. Beal was a co-trustee of the Trust or that SLF "must" have had a beneficial interest as of that time, Plaintiff's reliance is misplaced.  To the extent relied on by Plaintiff to support its speculations, the article states only that Ms. Beal was a co-trustee "of Buffett's *will*," not the Trust at issue here.  (Sacha Pfeiffer, *Sunshine Lady's charitable work for Warren Buffett clouded over*, THE BOSTON GLOBE (May 5, 2018) (emphasis added), *available at* https://www3.bostonglobe.com/metro/2018/05/05/storm-over-sunshine-lady-bitter-feud-about-how-spend-buffett-family-fortune/IeOG7kxB5CnAW3W8epZBnN/story.html?arc404=true ).

[4] *See* Opp. at 11.

which barred claims known and unknown up to the date of the execution, "survives Defendant's Motion to Dismiss, [and therefore] the SAC presents no controversy 'of sufficient immediacy and reality'") (internal citation omitted).[5]

### II.     Plaintiff Should Not Be Allowed to Engage in a Fishing Expedition to Determine Whether or Not SLF Actually Has a Claim.

Plaintiff's single count Complaint seeks only one claim for relief from the Court: "a declaration that it is a beneficiary of the Trust with all rights attendant to its beneficial interest." Compl. at ¶ 56. The General Release bars this claim, and as the Amendments to the Trust make clear, SLF has not been a beneficiary since April 2017. Ex. B at 1. That is the beginning and end of SLF's case. Completely ignoring its pleading, Plaintiff now attempts to re-write it, boldly asserting in its Opposition that SLF actually "seeks a declaration that to the extent the Trust was amended to remove SLF as a named beneficiary, the amendment was legally ineffective. . ." Opp. at 11. But that is contrary to what SLF pleaded or sought from the Court. *See* Compl. at ¶ 56.

SLF's Opposition demonstrates that its initial filing is nothing more than a discovery motion masquerading as a pleading. SLF is therefore unsurprisingly content to skip the motion to dismiss phase entirely and proceed directly to discovery to "obtain the trust documents [] in order to determine as a threshold matter whether it was actually removed as a named beneficiary of the Trust, and if so, when and under what circumstances." *Id.* at 16. To that end, SLF dedicated more than half of its Opposition to aspirational "placeholder" claims that are not pleaded or at issue here.

As the First Circuit has held, and this Court endorsed, "the price of entry, even to discovery, is for the plaintiff to allege *factual* predicate concrete enough to warrant further proceedings. . ."

---

[5]    Plaintiff has cited no applicable case law establishing that a claim challenging an amendment to the Trust could not have been brought during Ms. Buffett's lifetime. Instead, SLF relies on several inapposite cases that arise in the context of a *will*. Opp. at 12–13.

and "bald assertions, subjective characterizations and legal conclusions" "are a danger sign that the plaintiff is engaged in a fishing expedition." *Faculty, Alumni, & Students Opposed to Racial Preferences v. Harvard Law Rev. Ass'n*, No. 18-CV-12105 (LTS), 2019 WL 3754023 at *4, (D. Mass. Aug. 8, 2019) (quoting *DM Research, Inc. v. Coll. Of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999)) (dismissing claims, including one for declaratory judgment, in Plaintiff's amended complaint) (internal quotation marks omitted); *see also Ross v. Deutsche Bank Nat'l Co.*, No. 19-CV-10798 (LTS), 2019 WL 4675034 (D. Mass. Sept. 24, 2019) (same; dismissing claim against trustee for injunctive relief and declaratory judgment).

Here, Plaintiff's claim is barred by the General Release executed in December 2017, at which point SLF was no longer a beneficiary of the Trust. SLF's request that the Court declare otherwise should be denied. And Plaintiff's attempts at ferreting out information for so-called "placeholder" claims should not be countenanced.

## CONCLUSION

For the foregoing reasons, and for the reasons articulated in Defendant's Motion and Memorandum in Support of the Motion to Dismiss (ECF Dkt Nos. 9 & 10), Defendant respectfully requests that the Court dismiss Plaintiff's Complaint, with prejudice.

Dated: December 29, 2020                                  Respectfully submitted,

                                                          /s/ *Harvey J. Wolkoff*
                                                          Harvey J. Wolkoff  (BBO# 532880)
                                                          Aliki Sofis (BBO# 675777)
                                                          Elizabeth M. Kelly (BBO# 703557)
                                                          QUINN EMANUEL URQUHART &
                                                          SULLIVAN LLP
                                                          111 Huntington Ave, Suite 520
                                                          Boston, MA 02199
                                                          Tel.: (617) 712-7100
                                                          Fax: (617) 712-7200
                                                          harveywolkoff@quinnemanuel.com
                                                          alikisofis@quinnemanuel.com
                                                          elizabethkelly@quinnemanuel.com

                                                          Ryan P. McManus (BBO# 673219)
                                                          HEMENWAY & BARNES LLP
                                                          75 State Street
                                                          Boston, MA 02109
                                                          Tel.: (617) 557-9705
                                                          Fax: (617) 227-0781
                                                          rmcmanus@hembar.com

                                                          *Attorneys for Defendant Alexander Rozek as*
                                                          *Trustee of the Doris Buffett Revocable Trust*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was filed on December 29, 2020 through the ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  December 29, 2020                                 */s/ Harvey J. Wolkoff*
                                                          Harvey J. Wolkoff